UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA KOUTSOUKOS,

              Plaintiff,                          Case No. 1-11-cv-74

v.                                                HON. JANET T. NEFF

BEST BUY CO. INC.,

              Defendant.

_____/

## OPINION

      Plaintiff Maria Koutsoukos filed a complaint, *pro se*, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* claiming sexual harassment, gender discrimination, and constructive discharge. On March 1, 2011, the Court issued an Order to Show Cause why venue is proper in the Western District of Michigan.

      Plaintiff and Defendant have both responded to the Order to Show Cause. Plaintiff claims that venue is proper under the general venue provision for a federal question case, 28 U.S.C. § 1391(b) and (c). Although the employment at issue occurred in Minnesota, she maintains that she can bring suit in Michigan, where she now lives, because Best Buy is incorporated in and has sufficient contacts in Michigan to subject it to personal jurisdiction. Plaintiff also alleges that harassing activity by Best Buy employees occurred in the Lansing area after she left employment.

      Defendant argues that personal jurisdiction cannot be established in Michigan under either the general jurisdiction or long-arm statutes, and asks the Court to find venue improper and dismiss

or transfer the case to the District Court of Minnesota  pursuant to 28 U.S.C. § 1406(a) or transfer pursuant to 28 U.S.C. § 1404.

To determine venue in this case, the Court must consider the venue criteria in 42 U.S.C. § 2000e-5(f)(3), not the general provisions of 28 U.S.C. § 1391.  Title VII has special venue provisions, which neither of the parties addressed, but which must be applied to this case.  *See Pinson v. Rumsfeld,* 192 Fed. Appx 811, 817 (11th Cir. 2006) (§ 2000e-5(f)(3) is exclusive venue provision for Title VII claims); *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) (provision shows congressional intent to limit venue to jurisdictions concerned with alleged discrimination).  28 U.S.C. § 1391(b) applies only if venue is not "otherwise provided by law."

42 U.S.C. § 2000e-5(f)(3) provides that Title VII actions:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

The allegations in Plaintiff's Complaint, examined in light of the criteria in 42 U.S.C. § 2000e-5(f)(3), point to Minnesota as the proper venue for this action.  The alleged "unlawful employment practice"—supervisor harassment—took place in Minnesota, the relevant employment records are located in Minnesota, and Plaintiff alleges she would have continued to work in Minnesota but for the alleged discrimination.  Conversely, none of the Title VII venue requirements are met in the Western District of Michigan.  The alleged post-employment harassment cannot establish venue under 42 U.S.C. § 2000e-5(f)(3).

2

This case merits transfer in the interest of justice under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." If the case were to be dismissed, Plaintiff could not re-file in Minnesota because the 90-day time period for filing after receipt of a right-to-sue letter has expired.

> A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (1988). In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the 90-day limitations period.

*Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (reversing district court dismissal and transferring venue on claim filed by *pro se* plaintiff). *See also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (factors warranting transfer include finding that new action would be barred as untimely and that original action filed in good faith).

Venue is not proper in the Western District of Michigan under the Title VII venue criteria, 42 U.S.C. § 2000e-5(f)(3). This case will be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1406(a). An ORDER will be entered consistent with this Opinion.

DATED: June 14, 2011                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge